1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FIRST NORTHERN BANK OF DIXON,
     a California banking corporation,
11
                  Plaintiff,                      No. 2:11-cv-02976 MCE KJN PS
12
            v.
13
     DAVID HATANAKA; CANDICE
14   HATANAKA,

15              Defendants.                        ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
16   _____/

17              Presently before the court is plaintiff First Northern Bank of Dixon's ("plaintiff")

18   motion to remand this action to the superior court of California for the County of Yolo

19   ("Superior Court").  (Mot. to Remand, Dkt. Nos. 12-13.)[1]  Defendants David and Candice

20   Hatanaka ("defendants") are proceeding without counsel in this action.[2]

21   _____

22       [1]  Plaintiff has filed several versions of a Motion to Remand.  (See Dkt. Nos. 10 (styled as
     an "Ex Parte Application" but substantively appearing to be a Motion to Remand); 12 (styled as a
23   "Motion to Remand" and containing Points and Authorities, plus exhibits); 13 (an "Amended
     Motion To Remand" containing only an "amended" Points and Authorities, without exhibits).  This
24   Order construes the two filings at Docket Numbers 12 and 13 as one Motion to Remand.  (Mot. to
     Remand, Dkt. Nos. 12-13.)
25
         [2]  This action proceeds before the undersigned pursuant to Eastern District of California
26   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                  1

1    A review of the court's docket indicates that defendants have not filed a written

2  opposition to the pending motion to remand.

3    This matter came on for hearing before the undersigned on December 15, 2011, a

4  date the court selected after granting plaintiff's ex parte application to have this matter heard on

5  shortened time.  (Dkt. No. 11.)  Attorney John McCardle attended the hearing on behalf of the

6  plaintiff.  There was no appearance on behalf of defendants.

7    Having reviewed the briefs and record in this case, the undersigned recommends

8  that plaintiff's motion to remand be granted and that this case be remanded to the Superior Court

9  on grounds that this court lacks subject matter jurisdiction over plaintiff's single claim for

10  unlawful detainer.

11  I.    BACKGROUND

12    On September 13, 2011, plaintiff filed a Verified Complaint for Unlawful

13  Detainer ("Complaint") in the Superior Court, Case Number UD 11-2082, seeking to recover

14  possession of the property alleged to be situated in the County of Yolo.  (Not. of Removal, Dkt.

15  No. 1, Exh. A thereto ("Compl.").)  The Complaint's first unlawful detainer claim targets real

16  property located at 13605 County Road 88 in Esparto, California ("Road 88 Property").  (Compl.

17  at 2-3.)  The Complaint's second unlawful detainer claim targets real property located at 19355

18  County Road 87B in Esparto, California ("Road 87B Property").  (Id. at 3-4.)  The Complaint

19  alleges that plaintiff purchased the two subject properties at trustee's sales that occurred in

20  accordance with California state law and terms of the Deeds of Trust executed by defendants,

21  that plaintiff's titles pursuant to such sales have been perfected, and that plaintiff is entitled to

22  immediate possession of the properties.  (Compl. at 2-4.)  It further alleges that plaintiff provided

23  defendants, who once owned and apparently still occupy the properties, with written notice to

24  vacate the premises and deliver possession of the properties within 3 days after service of said

25  notice, and that defendants failed to vacate and deliver possession.  (Id.)  Through this action,

26  plaintiff seeks: (1) restitution and possession of the subject properties, (2) damages at a rate of

2

1   $166.66 per day from August 29, 2011, until the date of entry of judgment for each day that

2   defendant remains in possession of the Road 88 Property, and (3) damages at a rate of $33.33 per

3   day from August 29, 2011, until the date of entry of judgment for each day that defendant

4   remains in possession of the Road 87B Property.[3]  (Compl. at 5.)

5           On November 8, 2011, defendants removed this matter to the United States

6   District Court for the Eastern District of California.  (Notice of Removal, Dkt. No. 1.)

7   Defendants removed this case pursuant to "28 U.S.C. § 1331" (Not. of Removal at 2), and

8   asserted that "this civil action arises under the laws of the United States" and cited "The

9   Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]."  (Notice of Removal at 2.)

10  Defendants' Notice of Removal does not assert diversity as a basis for jurisdiction, and contains

11  no allegations regarding citizenship or the jurisdictional amount.

12  II.   LEGAL STANDARDS

13          In relevant part, the federal removal statute provides:

14          (a) Except as otherwise expressly provided by Act of Congress, any civil
            action brought in a State court of which the district courts of the United
15          States have original jurisdiction, may be removed by the defendant or the
            defendants, to the district court of the United States for the district and
16          division embracing the place where such action is pending. . . .

17          (b) Any civil action of which the district courts have original jurisdiction
            founded on a claim or right arising under the Constitution, treaties or laws
18          of the United States shall be removable without regard to the citizenship or
            residence of the parties. Any other such action shall be removable only if
19          none of the parties in interest properly joined and served as defendants is a
            citizen of the State in which such action is brought.

20

21  28 U.S.C. § 1441(a), (b).  A defendant "desiring to remove any civil action" from state court to

22  federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of

23  Civil Procedure and containing a short and plain statement of the grounds for removal, together

24  with a copy of all process, pleadings, and orders served upon such defendant" in the state action.

25

26          [3]  Plaintiff filed this action as a limited civil action in the Superior Court, and the caption of
    the Complaint states: "AMOUNT DEMANDED DOES NOT EXCEED $10,000."  (Compl. at 1.)

1   28 U.S.C. § 1446(a).  "The defendant bears the burden of establishing that removal is proper."

2   Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert.

3   denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal

4   jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right

5   of removal in the first instance.'"  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d

6   1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per

7   curiam)).

8   III.    DISCUSSION

9           A.    *Untimely Notice Of Removal*

10          According to 28 U.S.C. § 1446(b), defendants' notice of removal had to have

11  been filed within thirty days after defendants received a copy of the initial pleading setting forth

12  the claim for relief upon which such action or proceeding is based.

13          Defendants were each personally served with a copy of the initial pleading in the

14  state court action on September 15, 2011 and September 16, 2011, respectively.  (Exh. C to

15  McCardle Decl.)  Defendants filed demurrers in the state court action on September 20, 2011.

16  (Exh. F to McCardle Decl.)  There is no indication that plaintiff ever filed any amended pleading

17  in the state court action.

18          Defendants filed their Notice of Removal on November 8, 2011, more than 30

19  days after having received copies of the initial state court pleading in September of 2011.  (Not.

20  of Removal, Dkt. No. 1.)  "If a notice of removal is filed after this thirty-day window, it is

21  untimely and remand to state court is therefore appropriate."  Babasa v. LensCrafters, Inc.,

22  F.3d 972, 974 (9th Cir. 2007); accord Fristoe v. Reynolds Metal Co., 615 F.2d 1209, 1212 (9th

23  Cir. 1980).

24          In sum, defendants' Notice of Removal was filed outside of the requisite thirty-

25  day window described in 28 U.S.C. § 1446(b), and plaintiff has timely objected to this untimely

26  filing.  (Mot. to Remand at 3-4.)  Accordingly, remand to state court is appropriate.  See Babasa,

1   498 F.3d at 974; Fristoe, 615 F.2d at 1212.

2           B.    *Lack Of Subject Matter Jurisdiction*

3           Defendants removed this action to federal court citing federal question jurisdiction

4   as the basis for removal.  (Not. of Removal at 2.)  For the reasons that follow, however, the

5   undersigned concludes that this court lacks subject matter jurisdiction in this case.

6           District courts have federal question jurisdiction over "all civil actions that arise

7   under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises

8   under' federal law either where federal law creates the cause of action or 'where the vindication

9   of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican

10  Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

11  (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he

12  presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint

13  rule, which provides that federal jurisdiction exists only when a federal question is presented on

14  the face of the plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer

15  Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009) (quoting Rivet v. Regions Bank of Louisana,

16  522 U.S. 470, 475 (1998) (internal quotation marks omitted)); Ultramar Am. Ltd. v. Dwelle, 900

17  F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is

18  determined from the face of the complaint.").  "In determining the existence of removal

19  jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the*

20  *removal petition was filed*.  Jurisdiction is based on the complaint as originally filed . . . ."

21  Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (emphasis in original)

22  (citation and quotation marks omitted).

23          Here, plaintiff filed its Complaint in Superior Court asserting two claims for

24  unlawful detainer premised solely on California law.  (Compl. at 1-6.)  The first unlawful

25  detainer claim targets the Road 88 Property, and the second unlawful detainer claim targets the

26  Road 87B Property.  (Id.)  Because a claim for unlawful detainer does not by itself present a

5

federal question or necessarily turn on the construction of federal law, no basis for federal

question jurisdiction appears on the face of the Complaint.  See, e.g., U.S. Bank Nat'l Ass'n v.

Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished)

(holding that a single claim for unlawful detainer under state law did not provide a basis for

federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD

PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal

Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal.

Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR),

2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

        As noted above, while defendants have not filed a written opposition to the

motion for remand, their Notice of Removal suggests that this court's subject matter jurisdiction

over plaintiff's unlawful detainer claims somehow "arises under the laws of the United States,"

and defendants cite to the "'Protecting Tenants at Foreclosure Act,' 123 Stat. 1660 ('EESA')."[4]

(Not. of Removal at 2.)

        Defendants have not met their burden of demonstrating grounds for jurisdiction.

See e.g., Placer Dome, Inc., 582 F.3d at 1087.  While defendants cite a federal statute and

suggest that it renders the foreclosure and/or the Notice To Occupant(s) To Vacate Premises

defective, that statute is not implicated by the claims in plaintiff's complaint.  The plaintiff is

"the master of his complaint," and may "generally avoid federal jurisdiction by pleading solely

state-law claims."  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Balcorta

v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000); Caterpiller, Inc. v.

---

[4]The Emergency Economic Stabilization Act, 12 U.S.C. § 5201 et seq., states that its purpose is to restore "liquidity and stability to the financial system of the United States." 12 U.S.C. § 5201(1).  "Section 702 [of the Protecting Tenants at Foreclosure Act] is part of the Emergency Economic Stabilization Act ("EESA") codified in 12 U.S.C. §§ 5201 et seq.  Specifically, Section 702 [of the Protecting Tenants at Foreclosure Act] is part of the Troubled Assets Relief Program ("TARP") that was enacted as a subchapter of EESA. 12 U.S.C. §§ 5211-5241." Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished)).

1   <u>Williams</u>, 482 U.S. 386, 392 (1987)).

2          Here, as pleaded, the complaint is strictly an action based on the California

3   unlawful detainer statutes.  (Compl. at 1-3.)  Consequentially, defendants' assertions of the

4   "Protecting Tenants at Foreclosure Act" are best characterized as defenses or potential

5   counterclaims; neither of which are considered in evaluating whether a federal question appears

6   on the face of a plaintiff's complaint.  <u>Vaden v. Discover Bank</u>, 129 S. Ct. 1262, 1272 (2009)

7   (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); <u>Valles</u>,

8   410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a

9   federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's

10  complaint."); <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 326-27 (5th Cir.

11  1998); <u>Takeda v. Nw. Nat'l Life Ins. Co.</u>, 765 F.2d 815, 822 (9th Cir. 1985).  An anticipated

12  federal defense is not sufficient to confer federal question jurisdiction.  <u>Hunter v. Philip Morris</u>

13  <u>USA</u>, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (citing <u>Franchise Tax Bd. of Cal. v. Constr.</u>

14  <u>Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983); <u>Vaden</u>, 129 S. Ct. at 1272).

15         Federal district courts have also held that a defense based on the Protecting

16  Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction.  <u>See</u> <u>SD Coastline</u>

17  <u>LP</u>, 2010 WL 4809661, at *1-3; <u>U.S. Bank Nat. Ass'n v. Ramirez</u>, Civ. No. S–11–2373 MCE

18  GGH PS, 2011 WL 5102413, at *1 (E.D. Cal. Oct. 26, 2011) (unpublished); <u>Wescom Credit</u>

19  <u>Union v. Dudley</u>, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22,

20  2010) (unpublished) (". . . provisions requiring that notice be given ninety days in advance and

21  preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary

22  residence, <u>see</u> P.L. No. 111-22 § 702(a)(2)(A), offer [defendant] a federal defense to an unlawful

23  detainer action where the plaintiff fails to comply with these requirements. A federal defense,

24  however, does not support federal-question jurisdiction.") (citing <u>Valles</u>); <u>Aurora Loan Servs.,</u>

25  <u>LLC v. Martinez</u>, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010)

26  (unpublished); <u>Ignacio</u>, 2010 WL 2696702, at *2.

1    In sum, plaintiff's unlawful detainer complaint does not itself provide a basis for

2   federal question jurisdiction in this case.  Even if they are premised upon federal law, defendants'

3   potential defenses or counterclaims cannot provide the basis for removal jurisdiction here.

4   Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over

5   plaintiff's two claims for unlawful detainer brought pursuant to California law.

6          C.      *Other Arguments Supporting Remand*

7    Plaintiff raises other arguments supporting remand to state court, such as

8   defendants' failure to obtain "unanimous" consent to removal among all defendants.  (Mot. to

9   Remand, Dkt. No. 13 at 4.)  However, given that the undersigned will recommend that this

10   matter be remanded based upon a lack of subject matter jurisdiction and an untimely Notice of

11   Removal as described above, the undersigned need not reach plaintiff's "unanimous consent"

12   argument.

13          D.      *Attorneys' Fees And Costs Associated With Plaintiff's Motion To Remand*

14    Plaintiff seeks attorneys' fees and costs associated with bringing its Motion To

15   Remand.  (Mot. to Remand, Dkt. No. 13 at 6.)  "An order remanding the case may require

16   payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

17   removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's

18   fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for

19   seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  In deciding

20   whether to order payment of costs, the court must assess whether removal was "wrong as a

21   matter of law."  Balcorta, 208 F.3d at 1106 n.6.  Awards of fees and costs pursuant to 28 U.S.C.

22   § 1447(c) are discretionary.  Id. at 1105.

23    Here, it is clear that there was no proper basis for defendants' removal; further,

24   defendants waited until the day before trial in the state court action before filing their Notice of

25   Removal.  (McCardle Decl. ¶¶ 8-9.)  While the timing is defendants' removal is suspect,

26   however, defendants are proceeding pro se and apparently believed that asserting a defense based

on federal law presented a basis for removal.  In light of defendants' pro se status, the court

declines to order an award of fees and costs associated with the removal.  See e.g. Boutrup v.

Washburn, No. CIV-S-09-2678 GGH, 2009 WL 4573299, at *2 (E.D. Cal. Nov. 24, 2009)

(unpublished) ("[W]hile having the status of pro se does not set up a dichotomy of rules vis-a-vis

represented litigants, that pro se status warrants some consideration when reviewing a § 1447(c)

request.").  Accordingly, plaintiff's request for fees and costs under 28 U.S.C. § 1447(c) is

denied.[5]

IV.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      The initial scheduling conference currently set for April 5, 2012, is

vacated.

And IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's Motion to Remand (Dkt. Nos. 12-13) be granted, each party to

bear their own costs and fees; and

2.      This matter be remanded to the Superior Court of California, County of

Yolo, on the grounds that this court lacks subject matter jurisdiction over plaintiff's claims and

that defendant's Motion to Remand (Dkt. No. 1) was untimely.

3.      The Clerk be directed to serve a certified copy of this order on the Clerk of

the Yolo County Superior Court, and reference the state case number (UD 11-2082) in the proof

of service; and

4.      The Clerk of the Court vacate all dates in this case and close the case.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

---

[5]  However, should defendants engage in future attempts to remove this action without sufficient legal bases, the court will not hesitate to order defendants to pay plaintiff's attorneys' fees for motion practice resulting therefrom.  28 U.S.C. § 1447(c).

9

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED and RECOMMENDED.

DATED:  December 16, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE